IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ARNOLDO REYNA,

    Petitioner,

v.                                                                          No. 12-cv-00959 LH/CG

JONI BROWN,

    Respondent.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**THIS MATTER** is before the Court on Arnoldo Reyna's *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody* ("Petition"), filed October 30, 2012, (Doc. 10); *Respondent's Answer to Petition for Writ of Habeas Corpus (28 U.S.C. § 2254) [DOC. 10]*, filed March 11, 2013, (Doc. 18); and Petitioner's *Reply Brief to Respondent's Answer for Writ of Habeas Corpus*, ("Reply"), filed July 15, 2013, (Doc. 20).[1] The Court re-characterized the Petition as an application under 28 U.S.C. § 2254 for writ of habeas corpus, because Petitioner challenges his conviction and sentence from New Mexico state court criminal proceedings. (Doc. 11). Respondent raises the issue that Petitioner waived his habeas corpus rights in a resentencing agreement. The Court finds the habeas waiver is valid and operates to bar the habeas relief sought by the Petitioner. Therefore, the Court recommends that the Petition be **DISMISSED with PREJUDICE**.

    **I.**    **Background**

---

[1] Rule 5 of the Rules Governing 2254 Cases for the United States District Courts, states that a petitioner may submit a reply to a respondent's answer when permitted by the court. This Court did not authorize Petitioner's Reply. However, Petitioner proceeds *pro se*, and therefore the Court must liberally construe his filing. *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008). The Court will consider the Reply because it is in the interests of justice to do so.
[2] *State of New Mexico v. Arnoldo Reyna* (No. CR 2007-22M).
[3] The Court references the unfiled version of the *Petition for Writ of Habeas Corpus to Challenge an Illegal*

On June 27, 2007, Petitioner Arnoldo Reyna ("Petitioner") was convicted by a jury of three counts of trafficking cocaine and three counts of conspiracy to commit trafficking in violation of New Mexico state law, in the Fifth Judicial District Court of Lea County ("state court").[2] (Doc. 18, Ex. A). Petitioner was sentenced to serve those counts consecutively, which resulted in a sentence of twenty-seven years of imprisonment followed by two years of parole. (Doc. 18, Ex. A at 2). Petitioner, with the assistance of counsel, unsuccessfully challenged the conviction and sentence on direct appeal to both the New Mexico Court of Appeals, (Doc. 18, Ex. H–N), and the Supreme Court of New Mexico, (Doc. 18, Ex. O–Q).

On or around September 8, 2010, Petitioner initiated a *pro se* habeas corpus action pursuant to N.M. Const. art. II, § 7, in the state court.[3] (Doc. 10-5 at 8–25). After the requested relief was denied, (Doc. 18, Ex. W), Petitioner filed a second motion for habeas relief, (Doc. 18, Ex. EE), and then applied for a writ of certiorari from the New Mexico Supreme Court, (Doc. 18, Ex. X). The New Mexico Supreme Court granted Petitioner's request, issued the writ, and ordered the state court to conduct an evidentiary hearing on all of the claims asserted in the habeas petitions. (Doc. 18, Ex. Z).

Geoffrey Scovil was subsequently appointed as Petitioner's counsel to represent him in the habeas case in state court. (Doc. 18, Ex. HH). He filed the *Amendment to [Pro Se] Petitions for Writ of Habeas Corpus* on Petitioner's behalf, (Doc. 18, Ex. MM). On

---

[2] *State of New Mexico v. Arnoldo Reyna* (No. CR 2007-22M).
[3] The Court references the unfiled version of the *Petition for Writ of Habeas Corpus to Challenge an Illegal Sentence Confinement Request for an Evidentiary Hearing*, filed on or about September 8, 2010, submitted by Petitioner. According to Respondent, the Lea County Court Clerk was unable to locate a filed copy of that document. (Doc. 18, Ex. T). There is also some inconsistency in the record as to whether Petitioner filed that document on September 7 or 8 of 2010. The Court finds any reference to a habeas petition filed on either date to be a reference to the same document, and mistake as to the date that document was filed is a scrivener's error.

November 4, 2011, Petitioner, Mr. Scovil, and Assistant District Attorney Vernon Henning appeared for a hearing before the Honorable Mark Sanchez. (*November 4, 2011 Hearing* at 2:20, *State of New Mexico v. Arnoldo Reyna*, (No. CR 2007-22M), *on file with* the Lea County Court Clerk). Mr. Henning and Mr. Scovil represented to Judge Sanchez that the State and Petitioner had reached an agreement and that no evidentiary hearing on the habeas claims would be necessary. *Id.* Under the terms of the stipulated agreement, Petitioner's sentence would be reduced, and in exchange he would dismiss his habeas petitions with prejudice and waive his right to seek further habeas relief. The following exchanges took place during the November 4, 2011 hearing:

> HENNING: In exchange for the State agreeing to a resentencing providing that count three will be served concurrently with count two of the judgment and sentence, the Defendant agrees to dismiss this petition [for habeas corpus] with prejudice and he agrees to not bring any other petition relating to this case, or anything that could reasonably be derived from any issues that were raised or could have been raised in this case in any further proceeding. And we believe, I believe, Your Honor, that that the consequence of the Defendant raising such a petition . . . would entitle the Court to summarily dismiss the petition without any further hearing.

*Id.*, at 2:21–2:22.

> COURT: Mr. Scovil, has Mr. Henning correctly and accurately summarized your stipulation as you understand it?
> SCOVIL: He has Your Honor. If I could amplify on that just a moment though.
> COURT: Certainly.
> SCOVIL: What the stipulation between the parties is essentially that Mr. Reyna's sentence would now be an eighteen-year prison term followed by a two-year parole term.
>
> .   .   .
>
> And that Mr. Reyna would agree to forego raising any questions, petitions, pleadings, what have you, regarding any of the substantive legal matters relating to this case. . . . in terms of the legal merits of the case anything further would be summarily dismissed if Mr. Reyna were to unwisely raise them again.

*Id.*, at 2:23–2:24.

| | | |
|---|---|---|
| COURT: | | And now I'll inquire of Mr. Reyna himself. Mr. Reyna, I placed you under oath and so now I ask you to respond under oath if this is your agreement. |
| REYNA: | | I agree to the conditions, Your Honor. |
| COURT: | | Alright and so you intend to do this? And it'll be as though you had pled guilty to the charges as now set forth. Do you understand that? |
| REYNA: | | Yes sir. |
| COURT: | | Alright. And you intend to do this and you're doing this knowingly and knowledgeably, is that correct? |
| REYNA: | | Exactly. |

*Id.* The court recessed and the parties met to memorialize their stipulated agreement in writing. *See id.*, at 2:25. True to the hearing testimony, the *Amended Judgment, Order and Commitment to the Corrections Department* ("Amended Judgment"), provided a reduction of Petitioner's sentence from twenty-seven years to eighteen years imprisonment. (Doc. 18, Ex. B). The Amended Judgment also states Petitioner would:

> [D]ismiss with prejudice his amended petition for habeas corpus filed on September 7, 2010 and to refrain from filing any subsequent petitions for habeas corpus relief arising from the trial or sentencing in this cause.

(Doc. 18, Ex. B at 4). Later that afternoon the parties presented the Amended Judgment to Judge Sanchez. *Id.*, at 4:04. Judge Sanchez questioned Petitioner regarding the Amended Judgment:

| | | |
|---|---|---|
| JUDGE: | | Mr. Reyna, is this the form that you want me to approve? |
| REYNA: | | Yes, Your Honor. |
| JUDGE: | | Alright, well very well then that's what I will do. So this matter will be filed with the Court this afternoon and will become the amended judgment and sentence of the Court. |

*Id.*, at 4:04–4:05. Petitioner, Mr. Scovil, Mr. Henning, and Judge Sanchez signed the Amended Judgment and it was entered in the record. (Doc. 18, Ex. B at 4–5).

On November 9, 2011, Petitioner dismissed his underlying habeas petitions with

4

prejudice. (Doc. 18, Ex. TT).

Less than a month later, Petitioner moved the state court to reconsider his sentence on the basis that: (1) Mr. Henning should have recused himself because of an alleged conflict of interest; and (2) Mr. Scovil advised Petitioner not to make a statement during the November 4, 2011 hearing because it could jeopardize the stipulated agreement. (Doc. 18, Ex. UU). The state court denied the motion as another request for habeas corpus relief barred by the specific language in the Amended Judgment whereby Petitioner waived his habeas rights. (Doc. 18, Ex. VV). In March 2012, Petitioner asked the state court to set aside the Amended Judgment, restore his original habeas petition to the trial docket, appoint him a new attorney, and give him a further reduction in his sentence. (Doc. 18, Ex. XX). In support he alleged that Mr. Scovil's representation in negotiating the Amended Judgment amounted to ineffective assistance of counsel. (Doc. 18, Ex. XX, ZZ). The state court denied Petitioner's motion, finding:

> [Petitioner's] account suggests that Mr. Scovil weighed the merits of [Petitioner's] claim, communicated his evaluation to [Petitioner], and instructed [Petitioner] about the risks associated with rejecting the offer of settlement and with appearing to equivocate in accepting the offer. The account set forth by [Petitioner] does not indicate the presence of fraud, mistake, or duress in the acceptance or approval of the offer of settlement. Instead, the account seems to set forth frank, thoughtful advice about [Petitioner's] options, accepted willingly though with some regret by [Petitioner].

(Doc. 18, Ex. YY at 2; *see also* Doc. 18, Ex. AAA).

In June 2012, Petitioner filed a *Petition for Writ of Certiorari* with the New Mexico Supreme Court, (1) alleging that Mr. Scovil's representation had amounted to ineffective assistance of counsel, and (2) requesting he be allowed to litigate his habeas petitions and be given a further sentence reduction. (Doc. 18, Ex. EEE). The New Mexico

5

Supreme Court summarily denied his requests. (Doc. 18, Ex. FFF).

## II. Petitioner's Grounds for Relief

Petitioner raises the following eight grounds for § 2254 federal habeas relief before this Court:

(1) The State of New Mexico's evidence was insufficient to prove beyond a reasonable doubt that Petitioner committed conspiracy under N.M.S.A. § 31-31-20(A)(1), because the undercover agent that helped convict him was not a "certified officer," and also perjured his testimony;
(2) His trial counsel was ineffective for failing to object to a confusing and misleading jury instruction as to accessory liability because there were no facts supporting a conviction of accessory liability;
(3) Petitioner's sentence constitutes cruel and unusual punishment and violates principles of fairness because the State of New Mexico manipulated his sentence by orchestrating cocaine buys;
(4) Prosecutorial misconduct deprived Petitioner a fair trial;
(5) The trial court erred in denying Petitioner's motion to continue the jury trial to secure a witness that could have corroborated Petitioner's testimony;
(6) Petitioner's trial counsel was ineffective;
(7) The State of New Mexico impermissibly impeached Petitioner about a Texas conviction during the jury trial; and
(8) All of the errors in Petitioner's trial amount to cumulative error.

(Doc. 10). Respondent does not dispute that Petitioner has exhausted all available state-court remedies with regard to each ground. (Doc. 18 at 12).

Respondent asks this Court to deny the Petition with prejudice on the basis that Petitioner has failed to demonstrate the state court proceedings resulted in a decision contrary to federal law or one that was based on an unreasonable determination of the facts in light of the evidence that was presented at trial. (Doc. 18 at 1, 12). Respondent also argues Petitioner has failed to rebut the presumption that the factual determinations of the state court were correct, by clear and convincing evidence. (Doc. 18, at 1, 12). Respondent further raises the issue that Petitioner waived his habeas corpus rights. (Doc. 18 at 2). Petitioner did not respond to any of Respondent's arguments in his Reply.

### III. Analysis

#### A. *Standard of Review*

This Court's ability to consider collateral attacks of state criminal proceedings is circumscribed by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). "The conventional understanding of 'collateral attack' comprises challenges brought under . . . 28 U.S.C. § 2241, 28 U.S.C. § 2254, 28 U.S.C. § 2255, as well as writs of coram nobis." *United States v. Chavez-Salais*, 337 F.3d 1170, 1172 (10th Cir. 2003).

Under the highly deferential standard set forth in the AEDPA, if Petitioner's claims have been decided on the merits in state court proceedings, then the federal habeas court may only grant relief under two circumstances: (1) if the State court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or (2) if the State court decision "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)–(2). A state court decision is "contrary to" clearly established precedent when: (1) "the state court applies a rule that contradicts the governing law set forth in our cases," or (2) "the state court confronts a set of facts that are materially indistinguishable from a decision of the [U.S. Supreme Court] and nevertheless arrives" at a different result. *See Williams v. Taylor*, 529 U.S. 362, 405–06 (2000). "Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the U.S. Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.*, at 413. "[A]

federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly. *Id.* at 411; *see also Thomas v. Gibson*, 218 F.3d 1213, 1220 (10th Cir. 2000) (discussing *Williams*). A state court's factual determination shall be presumed to be correct, unless the § 2254 petitioner can rebut that presumption by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1); *Smith v. Mullin*, 379 F.3d 919, 924–25 (10th Cir. 2004).

      B. <u>The Habeas Waiver</u>

Respondent raises the issue that Petitioner waived his habeas rights in exchange for a nine-year reduction of his sentence.[4] (Doc. 18 at 2). In the Tenth Circuit it is well settled that a defendant in a federal criminal proceeding may waive his § 2255 habeas rights under the AEDPA. *United States v. Cockerham*, 237 F.3d 1179, 1183 (10th Cir. 2001). However, the Tenth Circuit has yet to address whether a defendant may similarly waive his right to § 2254 habeas review of a state criminal proceeding.

Therefore, the Court must first resolve whether § 2254 rights are waivable. If the Court answers in the affirmative, then the appropriate inquiry is to next determine whether Petitioner's habeas waiver is enforceable against him; and if so, whether the waiver bars the § 2254 habeas relief Petitioner seeks. *See United States v. Rivers*, No. 11-3100, 495 Fed. Appx. 915, 919 (10th Cir. Aug. 28, 2012) (unpublished) (describing the appropriate analysis when the Court is confronted by a collateral-attack waiver in the

---

[4] Ordinarily a waiver entered into as part of a plea or sentencing agreement must first be raised by the government, and then a court should determine its efficacy. *U.S. v. Parker*, 720 F.3d 781, 786 & n.4 (10th Cir. 2013) (reasoning that a court may also decide the validity of a § 2255 habeas waiver *sua sponte*, but is under no obligation to do so).

8

§ 2255 context). Finally, the Court should decide whether enforcing the habeas waiver would result in a "miscarriage of justice." *United States v. Viera*, 674 F.3d 1214, 1217 (10th Cir. 2012).

> 1. *The Court May Enforce a Habeas Waiver to Preclude Section 2254 Review*

First, the Court must decide whether § 2254 habeas rights are the type that may be waived by a defendant. While the Tenth Circuit has yet to address whether a defendant may waive his right to § 2254 habeas review of a state criminal proceeding, the Court is guided by precedent in cases with similar facts as this case. For example, it is well settled in the Tenth Circuit that a defendant may waive his collateral-attack rights under § 2255 of the AEDPA when the waiver is expressly stated in the plea agreement. *Cockerham*, 237 F.3d at 1183. In *Cockerham*, the defendant pled guilty to narcotics crimes, and waived his appellate and habeas rights in the plea agreement. *Id.*, at 1180. The Tenth Circuit extrapolated that appellate waivers, which were already held to be enforceable, were similar to habeas waivers because the right to bring a collateral attack under § 2255 is a statutory right like the right to direct appeal. *Id.*, at 1181–82. The Tenth Circuit also thought the fact the waiver was made as part of a plea agreement to be important because the entry of a guilty plea is an admission of guilt of a substantive crime. *Id.*, at 1182. Last, the Tenth Circuit was persuaded by the fact that four other circuit courts had already enforced waivers of § 2255 collateral-attack rights. *Id.*, at 1182–83.

The Ninth Circuit has held that a § 2254 collateral-attack waiver, agreed to through a stipulated sentencing agreement, may bar § 2254 habeas review. *See Washington v. Lampert*, 422 F.3d 864, 870–71 (9th Cir. 2005). That court looked exclusively to § 2255

waiver jurisprudence, including the *Cockerham* opinion, to reach that conclusion. *Id.* The relevant facts in *Lampert* are almost identical to Petitioner's—after being convicted, the state criminal defendant entered into a stipulated sentencing agreement that would give him a reduced sentence, and in exchange waived his habeas rights, including those that could be brought under 28 U.S.C. § 2254. *Id.* In Mr. Lampert's case, he agreed to a term of life imprisonment with the possibility of parole; in Petitioner's case, he agreed to a thirty-three percent reduction of his sentence.

The Tenth Circuit has commented that "[n]onwaivable rights are rare." *Teague v. United States*, 443 F.3d 1310, 1316 (10th Cir. 2006). "'[T]he most basic rights of criminal defendants are . . . subject to waiver.'" *Id.* (quoting *Peretz v. United States*, 501 U.S. 923, 936 (1991)). "[W]aiver is the 'intentional relinquishment or abandonment of a known right.'" *United States v. Olano*, 507 U.S. 725, 733 (1993) (quoting *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938)). In *Teague*, the Tenth Circuit established a test for determining the waivability of a particular constitutional right— a waiver of a constitutional right should only be precluded, (1) in order to protect a societal interest, or (2) "because of concern that undue, and unprovable, pressure may have been brought to bear on the defendant." *Teague*, 443 F.3d at 1316.

The Court is unable to identify a special, societal interest requiring the nonwaivability of § 2254 habeas rights in light of the overwhelming precedent upholding collateral-attack waivers. In fact, the Tenth Circuit has stated "[s]ociety benefits from the finality that waivers bring," and that waiver can be of value to the accused as a means of gaining concessions from the government. *United States v. Elliott*, 264 F.3d 1171, 1174 (10th Cir. 2001) (discussing appeal waivers in plea agreements). The Court is also unable

to find any reason to fear that § 2254 habeas waivers would be improperly induced by state courts, such as is the concern with waivers of the right to a unanimous jury. *See Teague*, 443 F.3d at 1317 (discussing *United States v. Pachay*, 711 F.2d 488, 493 (2d. Cir. 1983)).

The Tenth Circuit's reasoning in *Cockerham*, and the Ninth Circuit's reasoning in *Lampert*, require this Court to conclude that 28 U.S.C. § 2254 habeas rights are waivable. The Court's application of the *Teague* test to § 2254 habeas rights further bolsters that result. Therefore, the Court finds that a state criminal defendant may waive his rights to habeas review under § 2254 of the AEDPA in a stipulated sentencing agreement.

> 2. *The habeas waiver was knowing and voluntary, and is therefore enforceable*

The next step in the Court's analysis is to determine whether the habeas waiver language in the Amended Judgment can be enforced against Petitioner. *See Rivers*, 495 Fed. Appx. at 919. Only *knowing* and *voluntary* appellate and collateral-attack waivers are generally enforceable. *Cockerham*, 237 F.3d at 1190–9. The party wishing to set aside such a waiver on the basis that it was not knowing or voluntary "bears the burden on [that] score." *United States v. Hahn*, 359 F.3d 1315, 1329 (10th Cir. 2004) (en banc). The Court will determine whether Plaintiff's waiver was knowing or voluntary, even though Petitioner has not raised that issue.

The Court has reviewed the record in full, including the November 4, 2011 hearing testimony. The relevant facts are that Petitioner entered into a stipulated resentencing agreement by way of the Amended Judgment, through which he agreed to waive his habeas rights in exchange for a nine-year reduction of his sentence. The state court

subsequently upheld the validity of the waiver, and enforced it to bar Petitioner's requests for state habeas relief. (Doc. 18, Ex. YY).

The November 4, 2011 hearing testimony supports the state court's finding because it shows that Petitioner was present at the hearing when his attorney addressed the terms of the waiver, and that Petitioner acknowledged several times, under oath, that he accepted the terms and conditions of both the waiver and the Amended Judgment. This constitutes unambiguous approval of the condition. *See Teague*, 443 F.3d at 1317 (habeas petitioner responded "okay" at hearing when asked if he agreed to a waiver). After Mr. Henning explained his understanding of the habeas waiver to the state court, Petitioner's counsel further expanded upon the scope of the waiver, to capture "any questions, petitions, pleadings . . . regarding any of the substantive legal matters relating to this case. . . ." (*See November 4, 2011 Hearing*, *supra*, at 2:20). When a party suggests a particular action be taken, through counsel, and then agrees to it, the Court may "presume that the party has acted voluntarily and with full knowledge of the material consequences." *Teague*, 443 F.3d. at 1317.

Petitioner bears the burden to show that the waiver was not knowing or voluntary, and there is no evidence in the record to indicate that is the case here. Petitioner ignored the waiver issue entirely in his Reply, even though it had been raised by Respondent. Therefore, the Court must conclude the habeas waiver was made knowing and voluntary, and is enforceable against Petitioner.

### 3. *The habeas waiver bars the requested relief*

The Court must proceed to determine whether Petitioner's habeas waiver bars the habeas relief sought in the Petition. *See Rivers*, 495 Fed. Appx. at 919. A

collateral-attack waiver bars habeas relief when the claim "falls within the scope" of the waiver. *Viera*, 674 F.3d at 1217. The scope of a waiver is made known to a defendant through the language of the agreement itself, or through the colloquy with the court. *Chavez-Salais*, 337 F.3d at 1173.

      The Amended Judgment states that Petitioner agrees to "dismiss with prejudice [the] amended petition for habeas corpus filed on September 7, 2010 . . . ." in exchange for a sentence reduction. (Doc. 18, Ex. B at 4). Days later he dismissed with prejudice "all of the habeas pleadings previously filed either pro se or through counsel . . . ." (Doc. 18, Ex. TT). The Court has conducted a thorough review of the entire record, and finds that all of the grounds asserted in the Petition were brought by Petitioner in the state court habeas application. Petitioner conceded this point in the Petition. (Doc. 10). Therefore, the explicit language of the waiver was meant to cover every ground for habeas relief brought in the Petition.

      The habeas waiver also encompasses "any subsequent petitions for habeas corpus relief arising from the trial or sentencing in the [state court criminal proceeding]." (Doc. 18, Ex. B at 4). The November 4, 2011 hearing testimony further supports this language. Mr. Henning stated that Petitioner "agrees to not bring any other petition relating to this case . . . in any other proceeding," and Mr. Scovil replied that Petitioner "would agree to forego raising any questions, petitions, pleadings . . . regarding any of the substantive legal matters relating to this case . . . ." (*November 4, 2011 Hearing*, *supra*, at 2:21–2:24). Petitioner then agreed to those terms. *Id*. When such language is used, in conjunction with testimony, the waiver should be applied broadly to prohibit direct appeal and collateral attacks of both the sentence and conviction. *See*

*Cockerham*, 237 F.3d at 1189–90. Here Petitioner only collaterally attacks his original conviction and sentencing. Therefore, the Court must apply the habeas waiver broadly to cover all grounds asserted in the Petition.

The Court has analyzed the language of the habeas waiver, along with the November 4, 2011 hearing testimony, and finds that all of the relief requested in the Petition falls squarely within the scope of the waiver. Therefore, the habeas waiver precludes the § 2254 habeas relief that Petitioner now seeks.

4. *Enforcing the Waiver Would Not Result in a Miscarriage of Justice*

Last, the Court must determine whether enforcing the waiver would result in a "miscarriage of justice." The Court should void a habeas waiver when necessary to prevent a "miscarriage of justice." *See Viera*, 674 F.3d at 1219. The habeas petitioner bears the burden of demonstrating that enforcing his waiver will result in a "miscarriage of justice." *Id.* A "miscarriage of justice" occurs only where: (1) the district court relied on an impermissible factor such as race; (2) ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid; (3) the sentence exceeds the statutory maximum; or (4) the waiver is otherwise unlawful. *Id.* (quoting *Hahn*, 359 F.3d at 1327).

The Court does not find evidence that any of the foregoing occurred in the entry of the Amended Judgment or habeas waiver. The state court did not rely on an impermissible factor such as race when it entered the Amended Judgment; Petitioner does not allege ineffective assistance of counsel in connection with the negotiation of the

14

habeas waiver[5]; Petitioner has not alleged the sentence exceeds the statutory maximum; and the Court cannot find reason to hold the waiver otherwise unlawful. *See Hahn*, 359 F.3d at 1329 (applying the "miscarriage of justice" factors). The Court cannot find that enforcing Petitioner's habeas waiver would cause a "miscarriage of justice," and therefore will not void the waiver.

## IV. Conclusion

The Court has found that § 2254 habeas rights are waivable, and that Petitioner's habeas waiver was knowing and voluntary and bars all of the federal habeas relief which he now seeks. Petitioner has not demonstrated any of the state court's findings to be "contrary to" or an "unreasonable application of" clearly established U.S. Supreme Court precedent. *See* 28 U.S.C. § 2254(d)(1)–(2). In fact, Petitioner has been completely silent on the waiver issue, failing to address it in even a cursory manner in his Petition and Reply. Accordingly, the Court upholds the enforceability of the habeas waiver, and finds that it bars all of the federal habeas relief which Petitioner now seeks.

## V. Recommendation

For the reasons set forth, the Court finds that all of Petitioner's grounds for habeas relief have been waived, and therefore he is not entitled to habeas relief concerning any of those claims. The Court **RECOMMENDS** that Petitioner Arnoldo Reyna's *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*, re-characterized as a petition for habeas relief under 28

---

[5] The Court can find only one possible reference to Mr. Scovil in all of Petitioner's filings with this Court. Petitioner lists "12-3-10 14. Exhibits where I tryed [sic] to contact counsel and counsel failed to consult with clint [sic]" on the exhibit list to his Petition. (Doc. 10-1 at 1). However, no such documents were attached as exhibits. Even though the Court must liberally construe Petitioner's *pro se* Petition, it is not required to fashion his arguments for him. *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994).

U.S.C. § 2254, be **DISMISSED WITH PREJUDICE**. The Court further recommends that a certificate of appealability be **DENIED**.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).   **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.   If no objections are filed, no appellate review will be allowed.**

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE