IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ARNOLDO REYNA,

    Petitioner,

v.                                                                           CIV No. 12-00959 LH/CG

JONI BROWN,

    Respondent.

### ORDER ADOPTING MAGISTRATE JUDGE'S
### PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court on the United States Magistrate Judge's *Proposed Findings and Recommended Disposition* ("PFRD") filed on October 3, 2013, (Doc. 22); Arnoldo Reyna's *Petition for Objections to Proposed Findings and Recommended Disposition Pursuant to 28 U.S.C. § 636(b)(1) and Request for Evidentiary Hearing Pursuant to Rule 2254* ("Objections") filed on October 13, 2013, (Doc. 24); and Arnoldo Reyna's *Petition for Governor's Rendition and Demand for Immediate Release*, ("Governor's Rendition Petition") filed on October 6, 2013. (Doc. 23). After fully considering and analyzing the Petitioner's request for habeas corpus relief, the Magistrate Judge recommended that Petitioner's *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*, re-characterized as a petition for habeas relief under 28 U.S.C. § 2254, ("Habeas Petition"), (Doc. 10), be dismissed with prejudice, and that a certificate of appealability be denied. After a *de novo* review of the record and the PFRD, this Court adopts the magistrate judge's *Proposed Findings and Recommended Disposition*.

**I.     Background**

On June 27, 2007, Arnoldo Reyna ("Petitioner") was convicted of three counts of trafficking cocaine and three counts of conspiracy to commit trafficking in violation of New Mexico state law. (Doc. 18, Ex. A). Petitioner was sentenced to serve those counts consecutively, which resulted in a sentence of twenty-seven years of imprisonment followed by two years of parole. (Doc. 18, Ex. A at 2). Petitioner collaterally attacked his conviction and sentence, and then pursued state habeas corpus relief. (Doc. 22 at 2). The New Mexico Supreme Court granted Petitioner's request for writ of certiorari, issued the writ, and ordered the state court to conduct an evidentiary hearing on all of the claims asserted in the habeas petitions. (Doc. 18, Ex. Z).

On November 4, 2011, Petitioner, his court-appointed attorney Geoffrey Scovil, and Assistant District Attorney Vernon Henning appeared for the evidentiary hearing before the Honorable Mark Sanchez. Instead of holding the hearing, Petitioner and the state announced that they had come to an agreement by which Petitioner's sentence would be reduced to eighteen years of incarceration followed by a two-year parole term. (Doc. 22 at 3–4). In exchange for the nine-year sentence reduction, Petitioner would dismiss his habeas petitions with prejudice and waive his right to seek additional habeas relief. (Doc. 22 at 3–4).

That agreement has not deterred Petitioner from continuing to seek habeas relief as to his original conviction and sentence. Respondent pointed the Court to the habeas waiver language, to which Petitioner did not respond to or address in his *Reply Brief to Respondent's Answer for Writ of Habeas Corpus*. (Doc. 18 at 2; Doc. 20). The Magistrate

2

Judge analyzed the habeas waiver language, and found it to be a valid waiver of Petitioner's habeas corpus rights and bars all of the relief that Petitioner now seeks. (Doc. 22 at 15).

## II.  Objections

In his Objections, Petitioner contends for the first time that the "habeas waiver" is not valid, and that it should not bar the habeas relief he seeks. (Doc. 24 at 1). He claims that on November 4, 2011, after telling Judge Sanchez in open court that he agreed to the modified eighteen-year sentence, he was promised out of court that his sentence would be further reduced to twelve years incarceration. (Doc. 24 at 2). He states that he was promised by Mr. Scovil and Mr. Henning that Judge Sanchez would enter an amended judgment with a twelve-year sentence term that afternoon, and that he is the victim of a bait and switch tactic. (Doc. 24 at 3).

Petitioner further contends that Judge Sanchez was supposed to change the length of his sentence term from eighteen years to twelve years incarceration, at the same time he fixed another error in the *Amended Judgment, Order and Commitment to the Corrections Department* ("Amended Judgment"). (Doc. 24 at 4). Petitioner points out that the date of Petitioner's original conviction was corrected and initialed by Judge Sanchez. (Doc. 18, Ex. B. at 1). Petitioner argues that the length of his sentence was also supposed to be changed to twelve years, and that Judge Sanchez, his own attorney, or the prosecutor committed error by not announcing all of the changes that were being made to the document in open court. (Doc. 24 at 7–8). He claims the error amounted to a "prejudicial error," Mr. Scovil's counsel was ineffective, and his due process rights were

3

also violated. (Doc. 24 at 7–8). He also claims he did not sign the Amended Judgment until November 9, 2011, which is additional proof of error. (Doc. 24 at 4). Petitioner also urges the Court to review the audio and video recordings from the November 4, 2011 hearing, claiming that they provide evidence that his version of events is right.

All of the above-mentioned objections and arguments are raised for the first time in Petitioner's Objections. When resolving objections to a magistrate judge's recommendation, the district just must make a *de novo* determination regarding any part of the recommendation to which a party has properly objected. 28 U.S.C. § 636(b)(1)(C). Objections must be timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. *United States v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, and Contents*, 73 F.3d 1057, 1060 (10th Cir. 1996). Issues "raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996); *see also United States v. Garfinkle*, 261 F.3d 1030, 1030-31 (10th Cir. 2001) ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.").

The entirety of Petitioner's Habeas Petition attacks only his original conviction and sentencing, and not the November 4, 2011 hearing or the Amended Judgment. The Magistrate Judge noted that Petitioner had been completely silent on the waiver issue, failing to address it in even a cursory manner in any of his briefs. (Doc. 22 at 15). Therefore, Petitioner's objections and arguments regarding the November 4, 2011 hearing and Amended Judgment are deemed waived.

Further, even if these arguments had not been raised for the first time as objections, Petitioner's arguments are still not persuasive. Upon request by the Magistrate Judge, Respondent provided the audio recording of the November 4, 2011 hearing to the Court, as well as the entire state court record. The PFRD indicates that the Magistrate Judge reviewed the recording and transcribed the pertinent portions into the PFRD. (Doc. 22 at 3–4). This Court has also reviewed those recordings and the record, and they show that Petitioner knowingly and voluntarily entered into the Amended Judgment modifying his sentence to eighteen years of incarceration. Petitioner agreed several times in open court to the eighteen-year sentence, and he signed and approved the Amended Judgment which states the new incarceration term to be eighteen years. (Doc. 18, Ex. B at 4–5). Contrary to Petitioner's contention that the Amended Judgment was not signed until November 9, 2011, the Amended Judgment shows that it was signed and approved by Petitioner and Mr. Scovil on November 4, 2011, and entered by Judge Sanchez on November 7, 2011. (Doc. 18, Ex. B at 1, 5). Therefore, even if Petitioner's arguments had been made earlier, they would not change the Court's decision.

The rest of Petitioner's Objections are recitations of arguments he made in his Habeas Petition, challenging his original conviction and sentencing. Those arguments include his assertions that a bad chain of evidence led to his conviction, an "uncertified" police officer perjured his trial testimony, and that cumulative error denied him a fair trial. (Doc. 24 at 4–9). As discussed in the PFRD, Petitioner waived his right to seek habeas review on all of the points of errors brought in the Habeas Petition, and the Court need not address them. (Doc. 22 at 15).

5

The Court has reviewed the Objections and finds that they do not contain any arguments that would change the Magistrate Judge's analysis. The Court finds that the Magistrate Judge correctly understood and analyzed the record and Petitioner's briefs, and therefore Petitioner's objections are without merit.

### III.     Petition for Governor's Rendition and Immediate Release

Petitioner also demands a "Governor's rendition" and immediate release from incarceration under the theory that Respondent and the Court have failed to timely act on his habeas petition. (Doc. 23). Petitioner cites to both Rule 5-801NMRA and a "[r]ule set forth in 28 U.S.C. § 2254" for the contention that if a state fails to act within 180 days of the filing of a federal habeas petition, then Petitioner has the right to be released from custody. (Doc. 23 at 1–2).

The Court can find no legal authority regarding a "180-day rule" that would authorize Petitioner's release from prison. Rule 5-801 NMRA applies to state habeas proceedings and is inapplicable to a proceeding brought under 28 U.S.C. § 2254. Further, the Rules Governing Section 2254 Cases in the United States District Courts allow the Court to determine when and whether a Section 2254 petition must be answered. *See* Rule 5, RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS. In this case the Magistrate Judge ordered Respondent to respond to the habeas petition by March 11, 2013, (Doc. 17), and Respondent complied with that order, (Doc. 18). Therefore, Petitioner's argument that Respondent failed to timely act is without merit.

Further, the Court does not know what Petitioner means by "Governor's rendition," since that term is used to describe a demand by a state governor to another to surrender

6

a person located in that state. *See* U.S. Const. art. iv, § 2, cl. 2. The Court can find no authority that early release from a prison term may be granted through a "Governor's rendition" because of a state's failure to respond to a federal habeas petition. Therefore, the Court finds that Petitioner has failed to state good reason why his Governor's Rendition Petition should be granted or that he is entitled to the relief he seeks. The Governor's Rendition Petition will be denied.

### IV. Conclusion

**IT IS HEREBY ORDERED** that Arnoldo Reyna's *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*, re-characterized as a petition for habeas relief under 28 U.S.C. § 2254, be **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability be **DENIED**.

**IT IS ALSO ORDERED** that the *Petition for Governor's Rendition and Demand for Immediate Release* be **DENIED**.

_____
SENIOR UNITED STATES DISTRICT JUDGE